IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAB CARRIERS, INC., an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 CV 2702 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| ARROW TRUCK SALES, INC., a Missouri corporation, MACK TRUCKS, INC., a Pennsylvania corporation, NATIONAL TRUCK PROTECTION COMPANY, INC., a New Jersey corporation, SCOTT TAYLOR, an individual, and RICK MOORE, an individual, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff HAB Carriers, Inc. ("HAB") brings this action against Defendants Arrow Truck Sales, Inc. ("ATS"), Mack Trucks, Inc. ("Mack"), National Truck Protection Company, Inc. ("NTP"), Scott Taylor ("Taylor"), and Rick Moore ("Moore"). This action involves seven distinct claims: (1) a fraud claim against ATS, Taylor, and Moore; (2) a claim under the Illinois Consumer Fraud Act against ATS, Taylor, and Moore; (3) a breach of contract claim against ATS; (4) a breach of warranty claim against ATS; (5) a breach of warranty claim against ATS and Mack; (6) a breach of third party beneficiary contract against Mack; and (7) a breach of warranty claim against NTP. NTP has moved to transfer the action to the United States District Court for the District of New Jersey under 28 U.S.C. § 1406(a). For the reasons stated herein, the court grants NTP's motion and transfers this case to the United States District Court for the District of New Jersey.

1

# PLAINTIFF'S ALLEGATIONS

The court may consider facts outside the complaint in determining whether venue is proper. *Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). In doing so, the court resolves any factual conflicts and draws all reasonable inferences in favor of the plaintiff. *Interlease Aviation Investors II (Aloha) LLC v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). In April of 2004, HAB, a motor carrier business that provides customers with flatbed and long haul refrigerated trailer ("reefer") services, decided to purchase several used trucks for use in its operations. Pl.'s Compl. ¶ 8, 9, 11. On April 7, 2004, Todd Avery ("Avery"), the general manager of HAB, met with Taylor, a representative of ATS, to discuss the potential purchase of used Mack Trucks from ATS. *Id.* at ¶ 15, 18. Subsequently, HAB agreed to purchase twenty used Mack Trucks conditioned on, among other things, the understanding that the trucks would be covered by a Mack Bulldog Warranty. *Id.* at ¶ 33, 34. At the time of purchase, HAB was unaware that NTP (rather than Mack) would issue the Mack Bulldog Warranty. Avery Decl. ¶ 5.

On April 29, 2004, HAB placed a purchase order with ATS for the first ten trucks. Pl.'s Compl. ¶ 36. HAB first received a copy of the Mack Bulldog Warranty "about a week" after receiving the first two trucks from ATS. Avery Decl. ¶ 5. On June 18, 2004, HAB placed a purchase order with ATS for the next ten trucks. *Id.* at ¶ 56. HAB did not realize that NTP (rather than Mack) had issued the Mack Bulldog Warranty until it made its first repair claim in July of 2004. Avery Decl. ¶ 10. HAB continued to submit its repairs bills to NTP seeking compensation under its warranty for the repair work that had been performed on the trucks. Pl.'s Compl. ¶ 73, 137. On October 25, 2004, NTP informed HAB that it would not pay for any of these repairs. *Id.* at ¶ 74. Subsequently, HAB brought the instant claim against NTP for breach of warranty.

**DISCUSSION**

Defendant NTP moves to transfer this action to the United States District Court for the district of New Jersey pursuant to 28 U.S.C. § 1406(a). Section 1406 provides as follows: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." NTP argues that the Northern District of Illinois is an improper venue for this action because the forum selection clause in HAB's warranty agreement with NTP requires that any legal action "arising out of or to enforce the terms" of the warranty shall be brought in New Jersey. HAB does not contest the application of the forum selection clause to their claim but rather argues, among other things, that it is unenforceable because its existence was not communicated to the company and further that transferring the case would inconvenience third parties.

As an initial matter, a forum selection clause contained in an enforceable contract is presumed valid and will generally be enforced. *AGA Shareholders LLC, v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 843 (N.D. Ill. 2006); *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 (7th Cir. 1993); *see M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 10 (1972); *IFC Credit Corporation v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 610 (7th Cir. 2006) (forum selection clauses are subject to invalidation only in circumstances showing contractual infirmities "such as fraud and mistake"). However, the court may decline to enforce a valid forum selection clause if the resisting party demonstrates that enforcement will be unreasonable or unjust, *see Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 607 (7th Cir. 2003) (quoting *M/S Bremen*, 407 U.S. at 10), or where its enforcement would result in significant costs to third parties or to the judicial system. *Northwestern National Ins. Co. v. Donovan*, 916 F.2d 372, 376 (7th Cir. 1990) ("[T]he only good

reason for treating a forum selection clause differently from any other contract . . . is the possibility of adverse effects on third parties"); *Abbott Laboratories v. Takeda Pharmaceutical Co. Ltd.*, 476 F.3d 421, 423 (7th Cir. 2007) ("[O]rdinarily the parties' contractual choice of forum should be overridden only if that choice would impose significant costs on third parties or on the judicial system").

The Seventh Circuit's deferential approach towards forum selection clauses is premised on the notion that parties resisting their enforcement after the fact were "compensated in advance for bearing the burden of which they now complain, and will reap a windfall if they are permitted to repudiate" them. *Northwestern*, 916 F.2d at 378. This is particularly true where the parties had adequate notice that the clause was a part of the contract and the contractual language makes clear that a certain venue is mandatory and exclusive. *See Cont'l Ins. Co.*, 354 F.3d at 607; *Frietsch v. Refco, Inc.*, 56 F.3d 825, 829 (7th Cir. 1995); *Muzumdar v. Wellness Int'l Network*, 438 F.3d 759, 762 (7th Cir. 2006) ("where venue is specified with mandatory or obligatory language, the clause will be enforced"). Thus, there is a heavy burden on the party challenging the forum selection clause to show that if it is upheld, "the contractual forum will be so gravely difficult and inconvenient" that he will for "all practical purposes be deprived of his day in court." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1290-91 (7th Cir. 1989).

In the case before the court, the warranty that NTP issued to HAB contained the following clause:

> [HAB] and NTP agree that any legal action for claims, debts or obligations arising out of or to enforce the terms of this plan shall be brought in the United States District Court for the District of NJ or in the Superior Court of NJ, Bergen County, NJ; and that either Court shall have in personam jurisdiction over [HAB] and [NTP] and the venue of the action shall be appropriate in each court.

4

This forum selection clause is not confusing; it makes clear that any suit "arising out of or to enforce the terms of" the warranty shall be brought in either the United States District Court for the District of New Jersey or in the Superior Court of New Jersey in Bergen County. There is no question that this language is mandatory and exclusive and HAB does not argue to the contrary. There is no indication that NTP set New Jersey as the forum in which disputes were to be resolved as a means of discouraging warranty holders from pursuing legitimate claims, *see Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991), nor is there evidence that HAB's accession to the forum clause was obtained by fraud or overreaching.

Notwithstanding, HAB argues that the forum selection clause is unenforceable because it was unaware of its existence prior to the purchase and delivery of the trucks. *Id.* (qualifying Court's decision to enforce forum selection clause by fact that the resisting parties "conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity"). While HAB knew that the Mack Bulldog Warranty was included in its purchase, the company did not receive a copy of the warranty until about a week after receiving the first two trucks. Avery Decl. ¶ 5. However, approximately one month later, HAB placed a second purchase order with ATS for the next ten trucks. Therefore, the facts here establish that even if HAB was initially unaware that the warranty contained a forum selection clause, it had a copy of the warranty for some time before it placed this second order and never objected to or mentioned the

5

clause to ATS or NTP.[1] As such, HAB's argument that the forum selection clause is invalid proves to be unpersuasive.

After finding that the forum selection clause is enforceable, the sole remaining question before the court is whether it should be applied. HAB first asserts that this question has already been determined as a matter of law. Specifically, when this case was previously brought in state court, the Circuit Court Judge denied NTP's motion to dismiss HAB's breach of warranty claim. HAB argues that because NTP's this earlier motion to dismiss was premised on the existence of the forum selection clause, the Circuit Court Judge's denial of the motion represents the law of the case. First, while HAB maintains that both sides fully briefed and argued the motion to dismiss, this Court has not been provided with any evidence as to the crux of NTP's arguments or any guidance as to the basis of the Circuit Court Judge's decision. Second, the case that HAB cites in support of this contention is distinguishable; in *Crigler v. Axia Incorporated*, 735 F. Supp. 868 (N.D. Ill 1990) the plaintiff attempted to bring the identical cause of action in federal court after it had been previously dismissed in state court. The dismissal of the suit in state court was ultimately made with prejudice and the plaintiff chose not to appeal the decision. In the instant case, NTP did not have the opportunity to appeal the Circuit Court Judge's decision because HAB voluntarily non-suited its action in state court. As NTP correctly notes, any attempted appeal of the decision would have been moot because there was no longer a pending proceeding. Finally, the law of the case doctrine does not apply because the state court applied Illinois law in assessing the motion to dismiss, whereas here

---

[1] An identical forum selection clause between NTP and the plaintiff warranty holders was enforced in *Singh v. Arrow Truck Sales*, 2006 WL 657356 1, 1 (E.D. Cal. 2006), despite plaintiffs' objections that they entered into the agreement "without actually understanding the effect of [the forum selection clause]" and that its enforcement was unreasonable because it would be extensively burdensome to bring one lawsuit against ATS in California and another against NTP in New Jersey.

the Court applies federal law to determine NTP's motion to transfer venue. *See* 28 U.S.C. § 1406(a). The decision to transfer is governed by federal law. *See IFC Credit*, 437 F.3d at 608-609.

Next, HAB maintains that the forum selection clause should not be upheld because transferring the case would inconvenience third parties. In support of this contention, HAB points out that the trucks at issue in this case remain in Illinois, that the individuals who performed the majority of the repair work on the trucks are based close to Chicago, and that the parties have already litigated this matter for two years in Illinois state court. Such facts do not amount to a showing that enforcement of the forum selection clause would be unreasonable or unjust. *Faur v. Sirius International Insurance Corporation*, 391 F. Supp. 2d 650, 658 (N.D. Ill. 2005) (*citing Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993)) (Where a plaintiff fails to argue that litigating elsewhere would cause him to suffer extreme physical and financial hardship the court may enforce a forum selection clause.) Additional expense alone is insufficient to show that a particular venue is not proper and mere inconvenience will not render the forum clause unenforceable. *Id*.; (*citing Paper Express Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 758 (7th Cir. 1992) (Rejecting argument that forum selection clause requiring litigation in Germany is unreasonable even though witnesses and physical evidence located in Illinois). Simply put, HAB's arguments, taken as a whole, do not sufficiently overcome the "heavy burden" that is required to disregard a forum selection clause. *M/S Bremen*, 407 U.S. at 17.

Under Section 1406, it is within the court's discretion whether to dismiss or transfer a case. *Cont'l Ins. Co.*, 354 F.3d at 608. This Court finds that the allegations against the Defendants are inextricably intertwined such that it would be inefficient to sever the matter. A transfer of the entire matter will best serve the parties as well as judicial economy. During an August 22, 2007 Court

status, Defendants did not object to transferring the entire matter to the United States District Court for the District of New Jersey. Because the court finds that the District Court for the District of New Jersey is a proper venue as to the remainder of HAB's claims, the court exercises its discretion to enforce the forum selection clause and transfer the case rather than dismissing it with prejudice.

## CONCLUSION

For the foregoing reasons, the court grants NTP's motion and transfers the case to the United States District Court for the District of New Jersey. In light of the transfer, Mack's pending Motion to Dismiss and Motion to Strike are dismissed without prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: August 23, 2007